IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ERNESTO LAZO-BONILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-10-1762 |
| v. | § | (CRIMINAL NUMBER H-09-505) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Jose Ernesto Lazo-Bonilla, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 28 in Crim. No. H-09-505 and Docket Entry No. 1 in Civil No. H-10-1762). The United States has filed a Motion to Deny Relief to Petitioner's Section 2255 Motion (Docket Entry No. 44 in Crim. No. H-09-505). Although the motion was filed on August 20, 2010, petitioner has not responded to it. For the reasons explained below, the government's motion will be granted, petitioner's motion will be denied, and this action will be dismissed with prejudice.

Lazo-Bonilla alleges that he was provided ineffective assistance of counsel because his attorney failed to inform the court of the government's recommendation of a 77-month term of imprisonment. The record reflects that the government did not recommend a 77-month sentence. Instead, the government recommended

a sentence of 96 months.  (Transcript of Sentencing, Docket Entry No. 40 in Crim. No. H-09-505, at pp. 3-4)  Accordingly, this claim has no merit.  Nor does petitioner's argument that the government violated a plea agreement have any merit.  At his rearraignment, Lazo-Bonilla stated under oath that he did not have a plea agreement with the government, that the government had not made any promises to him, and that no one had promised him what sentence he would receive.  (Transcript of Rearraignment, Docket Entry No. 38 in Crim. No. H-09-505, at pp. 13-14)

Lazo-Bonilla argues that his counsel was ineffective in failing "to argue for the additional 3-level downward departure pursuant to the Early Disposition Program."  (Brief in Support of 28 U.S.C. § 2255, Docket Entry No. 29 in Crim. No. H-09-505, at p. 2)  If Lazo-Bonilla is arguing that he should have received a three-level reduction in his offense level for early acceptance of responsibility, his argument has no merit because he did receive such a reduction.  (Presentence Investigation Report, Docket Entry No. 20 in Crim. No. H-09-505, ¶ 27)  If Lazo-Bonilla is arguing that his attorney should have sought an additional reduction in his offense level under an early disposition or "Fast Track" program, his argument has no merit because he has not shown that such a program is available in this division, or that the government would have filed a motion for such a departure pursuant to § 5K3.1 of the Sentencing Guidelines.

Lazo-Bonilla also alleges that his attorney failed to argue for a 77-month sentence or failed to argue for a sentence that was otherwise at the low end of the sentencing recommendations.   The record refutes this claim because, in fact, Lazo-Bonilla's attorney requested such a sentence.   (<u>See</u> Transcript of Sentencing, Docket Entry No. 40 in Crim. No. H-09-505, at pp. 4-6.)   To the extent Lazo-Bonilla argues that he should have received a 77-month sentence, or should have been sentenced at the low end of the guidelines, his complaint is not cognizable in a 28 U.S.C. § 2255 motion.

Finally, Lazo-Bonilla argues that his attorney was ineffective for failing to move for a downward departure on the basis of a collateral consequence, i.e., his status as a native and citizen of Mexico.   Lazo-Bonilla has failed to show why these alleged collateral consequences would be an appropriate ground for departure, or that the court would have granted his motion for departure.   His status as a deportable alien, an inherent element in a violation of 8 U.S.C. § 1326, has already been considered by the Sentencing Commission in formulating the applicable sentencing guideline for such offenses.   Lazo-Bonilla has failed to sustain his burden on this argument.

The court has considered all of Lazo-Bonilla's arguments and concludes that none of them have merit.   Accordingly, the United States' Motion to Deny Relief to Petitioner's Section 2255

-3-

Motion (Docket Entry No. 44 in Crim. No. H-09-505) is **GRANTED**. Lazo-Bonilla's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket Entry No. 28 in Crim. No. H-09-505 and Docket Entry No. 1 in Civil No. H-10-1762) is **DENIED**.

      **SIGNED** at Houston, Texas, this 29th day of September, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE